# IN THE COURT OF APPEALS OF IOWA

No. 19-1215
Filed September 25, 2019

**IN THE INTEREST OF O.O.,**
**Minor Child,**

**N.D., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker
Parry, District Associate Judge.


A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)
and Mary A. Triick, Assistant Attorneys General, for appellee State.

Marchelle M. Denker of Juvenile Law Center, Sioux City, guardian ad litem
for minor child.


Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also contends termination is not in the child's best interests and asks for additional time.[1] We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court removed the child from the mother's care and adjudicated the child in need of assistance after the child went missing while in the mother's care in September 2018. The mother waited more than six hours to report the child's disappearance to police. The child was three years old at the time. Police officers who investigated the disappearances observed that the mother was extremely intoxicated.

The mother has a history of excessive use of alcohol. While living in Minnesota, the mother was convicted of operating while intoxicated (OWI) in 2012 and had her parental rights to two older children terminated based in part on her alcohol use in 2010. Since moving to Iowa, law enforcement has responded to multiple calls involving the mother's excessive alcohol use. In February 2018, the State charged the mother with OWI, public intoxication, and child endangerment

---

[1] The mother makes a passing reference to the adequacy of the State's efforts to reunite her with the child without raising the issue in the argument section of her brief. *See* Iowa Code § 232.102(9) (2019) (requiring the State to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). If the mother is challenging the reasonableness of those efforts, we find she has waived the claim. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (requiring a parent to raise a challenge to the reasonable-efforts requirement to the juvenile court before the termination hearing).

after driving a vehicle in which the child was a passenger off the road and into a ditch.

The mother has not successfully completed substance-abuse treatment. She began inpatient treatment in November 2018 and was discharged after one month when her insurance refused to pay for additional treatment. Because her participation was limited and she minimized her use, the mother remained "at high potential to relapse due to lack of sober support and lack of insight." The mother then entered intensive outpatient treatment but only attended two groups before she stopped attending. After the State petitioned to terminate her parental rights in February 2019, the mother returned to intensive outpatient treatment, but her failure to attend again led to her discharge less than a month later.

Following a hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d), (e), (i) and (*l*). Although the juvenile court terminated parental rights on more than one ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The juvenile court may terminate parental rights under section 232.116(1)(e) if clear and convincing evidence establishes these elements:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by

the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

The mother argues the State failed to prove she has not maintained significant and meaningful contact with the child in the six months leading up to termination or that she made no reasonable efforts to resume care for the child despite being given the opportunity to do so.

The State has proved the grounds for termination under Iowa Code section 232.116(1)(e). Clear and convincing evidence shows the mother failed to maintain significant and meaningful contact with the child. The mother last visited the child on January 4, 2019. She moved from Sioux City to Denison without informing her Department of Human Services (DHS) case manager and failed to maintain regular communication. Although the DHS attempted to provide visitation after the mother's move, the mother cancelled all the scheduled visits. She also failed to maintain regular communication with her DHS case manager. The record also shows the mother failed to make reasonable efforts to resume care of the child. Although the DHS offered services to help the mother address her alcohol use, the mother failed to complete treatment or address her alcohol use in a meaningful way.

The mother also claims that termination is not in the child's best interests. *See In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010) ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a

termination of parental rights."). Our primary considerations in deciding a child's best interests are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows termination is in the child's best interests. Although the mother claims she had been sober in the months preceding the termination hearing, there is no evidence aside from her self-serving testimony to support the claim. In contrast, there is more than a decade of documentation showing the mother's alcohol use. Her history shows a pattern of failing to follow through with treatment and continuing to use alcohol to excess. The mother has yet to complete treatment and show sobriety. Her prognosis for future sobriety is poor. The mother's life is rife with uncertainty, and her long history of alcohol use, coupled with her failure to complete treatment, places that child's safety at risk. Termination is in the child's best interests.[2]

Finally, the mother seeks additional time to allow the return of the child to her care. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue

---

[2] Again, the mother makes a passing reference to—but does not argue—the provision of Iowa Code section 232.116(3) that provides we need not terminate parental rights if a relative has legal custody of the child or if termination would be detrimental to the child based on the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(a), (c). Because termination is in the child's best interests, the child's placement with the father does not override our decision to terminate the mother's parental rights. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). And the record does not support a finding that termination of the mother's parental rights would be detrimental to the child.

placement of the child for six more months if it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). We must decline. Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," the legislature has built this patience into chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Children are not equipped with pause buttons, and delaying their permanency in favor of the parents goes against the children's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

We affirm the termination of the mother's parental rights.

**AFFIRMED.**